C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CARLOS CRUZ-PEREZ,

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.

**MEMORANDUM DECISION AND ORDER**

17 Civ. 1787 (BMC)
14 Cr. 273 (BMC)

**COGAN**, District Judge.

Petitioner, currently incarcerated after pleading guilty to illegal reentry under 8 U.S.C. §§ 1326(a) and 1326(b)(2), has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255, collaterally attacking his conviction. Petitioner makes two arguments in support of his petition: first, that he was denied effective assistance of counsel during plea negotiations, and second, that his sentence exceeds the statutory maximum. Both arguments are meritless, and his petition is denied.

## BACKGROUND

On March 20, 2013, petitioner was arrested by New York City Police Department officers and charged with criminal possession of a controlled substance with intent to sell. After running petitioner's fingerprints, the officers discovered that petitioner had a previous conviction in 2000 for attempted criminal sale of a controlled substance and that on September 16, 2009, he was removed from the United States to the Dominican Republic. As a result, subsequent to his 2013 arrest, petitioner was arrested by Immigration and Customs Enforcement officers and pleaded guilty to a single-count information charging him with illegal reentry under 8 U.S.C. §§ 1326(a) and 1326(b)(2).

The Probation Department calculated petitioner's Guidelines range of imprisonment to be 77 to 96 months and suggested that a downward departure may be warranted. The Government concurred in downwardly departing and recommended a Guidelines range of 70 to 87 months' imprisonment. This Court sentenced petitioner to 77 months' imprisonment with 35 of those months to run concurrently with the undischarged portion of petitioner's state court sentence.

Petitioner recently filed a motion to reduce his sentence, arguing that certain amendments to the Guidelines merited resentencing, and this Court denied that motion, holding that petitioner was in fact not entitled to resentencing. Petitioner shortly thereafter filed this petition for habeas relief.

## DISCUSSION

### I. Ineffective Assistance of Counsel

Petitioner argues that his counsel was ineffective during plea negotiations because his attorney did not advise him that 8 U.S.C. § 1326 is unconstitutional given the absence of a nexus to interstate commerce, as is required by the Supreme Court's holding in United States v. Lopez, 514 U.S. 549 (1995). There is no need to recite the standard for ineffective assistance because plaintiff's argument is premised on a complete misinterpretation of Lopez, which held that the Gun-Free School Zones Act exceeded Congress's authority to legislate under the Commerce Clause.

Petitioner pleaded guilty to 8 U.S.C. § 1326, which prohibits the reentry of removed aliens from the United States. This statute relates to immigration concerns, and Congress's power to legislate immigration is not rooted in the Commerce Clause. "Federal authority to regulate the status of aliens derives from various sources, including the Federal Government's power '[t]o establish [a] uniform Rule of Naturalization,' its power '[t]o regulate Commerce with

foreign Nations,' and its broad authority over foreign affairs." Toll v. Moreno, 458 U.S. 1, 10 (1982) (quoting U.S. Const., Art. I, § 8, cl. 4, cl. 3). The Supreme Court has time and again affirmed this source of authority: "Our cases have long recognized the preeminent role of the Federal Government with respect to the regulation of aliens within our borders." Toll, 458 U.S. at 10; see also Mathews v. Diaz, 426 U.S. 67 (1976); Graham v. Richardson, 403 U.S. 365, 377-80 (1971); Takahashi v. Fish & Game Comm'n, 334 U.S. 410, 418-20 (1948); Hines v. Davidowitz, 312 U.S. 52, 62-68 (1941); Truax v. Raich, 239 U.S. 33, 42 (1915).

Section 1326 is constitutional, and petitioner's ineffective assistance of counsel argument fails.

## II. Separation of Powers

Petitioner argues that the sentence he received exceeds the 2-year statutory maximum set by Congress, relying on Hill v. Masters, 836 F.3d 591, 596 (6th Cir. 2016), which held that "[t]o deny relief where a sentence enhancement exceeds the statutory range set by Congress would present separation-of-powers concerns." Petitioner misunderstands the statutory maximum scheme set out in 8 U.S.C. § 1326. Although § 1326(a) states that punishment under its subsection may include imprisonment of "not more than 2 years," § 1326(b)(2) states that "[n]otwithstanding subsection (a), in the case of any alien . . . whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be . . . imprisoned not more than 20 years." 8 U.S.C. § 1326(a), (b)(2).

Petitioner was charged under both subsections (a) and (b)(2) because his first removal was subsequent to his conviction for an aggravated felony. Thus, petitioner is subject to the 20-year statutory maximum in § 1326(b)(2), not the 2-year maximum.

## CONCLUSION

The petition is denied, and the case is dismissed. A certificate of appealability will not issue as the petition fails to raise any substantial issues. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).

**SO ORDERED.**

                                                          U.S.D.J.

Dated: Brooklyn, New York
        April 13, 2017