C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CARLOS CRUZ-PEREZ,

           Petitioner,

-against-

UNITED STATES OF AMERICA,

           Respondent.

**MEMORANDUM DECISION AND ORDER**

17 Civ. 1787 (BMC)
14 Cr. 273 (BMC)

**COGAN**, District Judge.

    Petitioner, currently incarcerated after pleading guilty to illegal reentry under 8 U.S.C. §§ 1326(a) and 1326(b)(2), filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255, collaterally attacking his conviction. The Court denied his petition in a Memorandum Decision and Order, dated April 13, 2017. Petitioner has now filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) or for reconsideration. Familiarity with the Court's April 13, 2017 Order is assumed.

    As a procedural point, the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration; therefore, courts generally construe such a motion as one to alter or amend judgment under Rule 59(e) or Rule 60(b). However, Rule 59(e) imposes a requirement that any motion to alter or amend be filed within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Because § 2255 petitions are filed as motions on the original federal criminal docket, courts count 28 days from the order denying the petition. See United States v. Clark, 984 F.2d 31, 32 (2d Cir. 1993). Here, petitioner mailed his motion within the 28-day period, although it was received by this Court after the 28-day period. The Court accepts petitioner's motion as timely under Rule 59(e).

Notwithstanding its timeliness, the motion is denied. To obtain relief on a Rule 59 motion, the movant must identify "'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)); see also Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."). In addition, motions for reconsideration are not vehicles for "taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (internal citation omitted).

Petitioner cannot meet this standard, as he simply reargues the same points that he has now twice made to his Court. Petitioner attacks his sentence, arguing that 8 U.S.C. § 1326, the illegal reentry statute under which he was sentenced, is "unconstitutionally recidivist," that his sentence violates the doctrine of separation of powers, and that his sentence amounts to involuntary servitude. Petitioner further argues that this Court's denial of his petition amounted to an "interference with the enforcement of the prohibition on involuntary servitude." All of these arguments fail. As the Court has held, § 1326 is a constitutional provision that does not violate separation of powers or impose involuntary servitude.

Petitioner's motion for reconsideration [31] is therefore denied. The Court certifies

pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

                                                        U.S.D.J.

Dated: Brooklyn, New York
       May 26, 2017